**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal No. 1:01cr150** |
| ) | |
| **JAY E. LENTZ** ) | |

**ORDER**

At issue in this remanded prosecution for kidnaping resulting in murder is whether defendant remains bound in the retrial by stipulations entered into in the course of the first trial. The previous stipulations concerned the authenticity of exhibits[1] and the expected testimony of defendant's elderly mother.[2] The government has filed a motion to enforce the stipulations, to which defendant has failed to file a responsive pleading. Oral argument is dispensed with as the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.

The primary purpose of entering into a stipulation is "to dispense with proof over matters not in issue, thereby promoting judicial economy at the convenience of the parties." *United States v.*

---

[1] Specifically, in a letter dated May 30, 2003, defendant's counsel advised counsel for the government as follows:

> We have discussed your request for a stipulation to the authenticity of both parties' exhibits and are willing to agree to such a stipulation. So there is no misunderstanding about the scope of the stipulation, we will agree that both parties' exhibits are authentic. Obviously, we reserve the right to object to any exhibit on any ground other than authenticity.

[2] In this regard, it appears from the record that the parties entered into a two-page written stipulation, signed by counsel for defendant and counsel for the government, setting forth the testimony defendant's mother would give if she were called to testify as a witness in this matter.

*Montgomery*, 620 F.2d 753, 757 (10th Cir. 1980) (citing 9 J. Wigmore, Evidence §§ 2588-2597 (3d ed. 1940)); *see also CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999) (recognizing that "stipulations serve both judicial economy and the convenience of the parties"). It has therefore been held that "[s]tipulations as to facts freely and voluntarily entered into during trial are equivalent of proof and...neither party will be heard to suggest that the facts were other than as stipulated." *United States v. Campbell*, 453 F.2d 447, 451 (10th Cir. 1972). Indeed, courts "enforce stipulations as a general rule, absent circumstances tending to negate a finding of informed and voluntary assent of a party to the agreement." *United States v. McGregor*, 529 F.2d 928, 931 (9th Cir. 1976) (citation omitted). Nor is there any doubt that these principles apply in criminal cases, as well as civil cases. As one court put it, "[s]tipulations freely and voluntarily entered into in criminal trials are as binding and enforceable as those entered into in civil actions." *United States v. Technic Services, Inc.*, 314 F.3d 1031, 1045 (9th Cir. 2002) (citing *United States v. Gwaltney*, 790 F.2d 1378, 1386 (9th Cir. 1986), *cert. denied*, 479 U.S. 1104 (1987)); *see also United States v. Shapiro*, 868 F.2d 1125, 1127 (9th Cir. 1989) (same).

Importantly, it is also settled that where, as here, stipulations are entered into between the parties in the course of a trial, those stipulations remain binding in the event the case is remanded for a new trial. *See, e.g., Payne v. Norwest Corp.*, 185 F.3d 1068, 1071 (9th Cir. 1999) (recognizing that "several cases have held that pre-trial stipulations are not altered on remand"); *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1097-98 (10th Cir. 1991) (concluding that a stipulation made between the parties prior to the first trial was binding on the parties in the course of the re-trial). This is so because "[a] stipulation is an admission which 'cannot be disregarded or set aside at will.'" *Waldorf v. Borough of Kenilworth*, 878 F. Supp. 686, 690 (D. N.J. 1995) (citing *Wheeler*, 935 F.2d at 1097).

The binding effect of stipulations is not absolute in all circumstances; there are exceptions. Thus, it is clear that "relief can be granted from a stipulation in order to prevent manifest injustice." *United States v. Montgomery*, 620 F.2d 753, 757 (10th Cir. 1980). Indeed, "it is well-settled by decisional law in [several]...circuits that a stipulation remains in effect unless the trial court finds that such vitality would result in 'manifest injustice.'" *Waldorf*, 878 F. Supp. at 690 (listing cases). Relief from a stipulation is also appropriate where, for example, "the party has entered into it by inadvertence and the opposing party would not be prejudiced (i.e., treated unfairly) by setting the agreement aside." *McGregor*, 529 F.2d at 932 (citation omitted). Also relevant to the inquiry whether a stipulation should remain binding on the parties in the course of a retrial is "whether the stipulation was expressly limited to a single trial or entered into as the result of fraud or a mistaken interpretation of law." *Waldorf*, 878 F. Supp. at 691; *see also Hunt v. Marchetti*, 824 F.2d 916, 917 (11th Cir. 1987) (recognizing that a "stipulation would not be binding in the second trial if it was intended to apply only to the first trial") (citation omitted). Yet, in all cases, "[d]istrict courts are vested with broad discretion in determining whether to hold a party to a stipulation or whether the interests of justice require that the stipulation be set aside." *Waldorf*, 878 F. Supp. at 691 (citing *Wheeler*, 935 F.2d at 1098).

These principles, applied here, compel the conclusion that defendant should be held to the previously-made stipulations for purposes of the new trial. To be sure, no manifest injustice, inadvertence or fraud is apparent from, or reflected in, the current record. Indeed, defendant has noted no objection to the enforcement of the stipulations at issue. Nor is there any evidence that the stipulations were expressly limited to the first trial. There is, in short, no sound reason in this retrial to relieve defendant from the stipulations freely and voluntarily entered into in connection with the

first trial.

Accordingly, for these reasons, and for good cause,

It is hereby **ORDERED** that the government's motion to enforce stipulations is **GRANTED**.[3]

The Clerk is directed to send a copy of this Order to all counsel of record.

                                                                    /s/
                                              _____

Alexandria, VA                                      T. S. Ellis, III
February 28, 2006                              United States District Judge

---

[3] Defendant's stipulation to the authenticity of the parties' exhibits will be limited to those exhibits submitted in the course of the first trial, and not any additional or new exhibits offered for the first time in the course of the new trial.